TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Charles Scaff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Scaff, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Receivables Performance Management, L.L.C.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Charles Scaff, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Charles Scaff (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona 85021, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5. The Defendant, Receivables Performance Management, L.L.C. (hereafter "RPM"), is a company with an address of 20816 44th Avenue, West Lynnwood, Washington 98036, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by RPM and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. RPM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt")[1] to an original creditor, Verizon (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to RPM for collection, or RPM was employed by the Creditor to collect the Debt.

11. RPM attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. RPM Engages in Harassment and Abusive Tactics

12. Beginning in or around July of 2014, RPM contacted Plaintiff in an attempt to collect the Debt.

---

[1] The term "Debt", as used herein, means the alleged financial obligation that Defendants claims Plaintiff owes. Use of the word "Debt" is in no way an admission by Plaintiff that the alleged financial obligation is valid.

3

13.     At all times relevant herein, RPM called Plaintiff on his cellular telephone [731-XXX-2150], using an automated telephone dialing system ("ATDS" or "Predictive Dialer") or artificial or prerecorded voice.

14.     When Plaintiff answered calls from RPM, he heard music.

15.     When Plaintiff incurred the Debt from the Creditor, he had a different cellular telephone number than the cellular telephone number at issue [731-XXX-2150]. Plaintiff never provided the cellular telephone number at issue to the Creditor or to RPM and never provided his consent to be called.

16.     Moreover, in or around August of 2014, Plaintiff spoke with RPM and told RPM to cease all calls to his cellular telephone.

17.     Despite the fact that RPM lacked prior express consent to contact Plaintiff with ATDS calls and, despite the fact that Plaintiff instructed RPM to cease all calls to his cellular telephone, RPM placed dozens of ATDS calls to Plaintiff.

18.     Additionally, RPM failed to send Plaintiff a written letter within five (5) days of its initial communication as required by law.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

4

20. RPM engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21. RPM caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

22. RPM used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

23. RPM failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The TCPA prohibits RPM from using, other than for emergency purposes, an ATDS and/or an artificial or prerecorded voice when calling Plaintiff's cellular telephone absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

26. RPM's telephone system has the earmark of an ATDS in that Plaintiff, upon answering calls from RPM, was met with a significant period of recorded music before the system either connected to a live person or disconnected the call.

27. RPM used an ATDS to call Plaintiff's cellular telephone without Plaintiff's consent in that RPM either never had Plaintiff's prior express consent to do so or such consent was effectively revoked when Plaintiff requested that RPM cease all further calls.

28. RPM continued to willfully call Plaintiff's cellular telephone using an ATDS knowing that it lacked the requisite consent to do so.

29. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

30. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

31. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

6

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Statutory damages of $500.00 for each call determined to be in violation of the TCPA;

E. Treble damages for each violation determined to be willful and/or knowing under the TCPA; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 9, 2015                    LEMBERG LAW, LLC


By: __/s/  Trinette G. Kent__
Trinette G. Kent

Attorney for Plaintiff,
Charles Scaff